UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMARIUS FERGUSON, | ] |
| Plaintiff, | ] |
| v. | ] No. 3-09-0618 |
| | ] Judge HAYNES |
| ALBERT DAWSON, et al. | ] |

M E M O R A N D U M

Plaintiff, Jamarius Ferguson, filed this action under 42 U.S.C. § 1983 against Defendants: Albert Dawson, DCS Woodland Hills Youth Development Center Superintendent ("Woodland Hills Center"), and Anthony Hamilton, Children's Services Officer. Plaintiff has also named "John Doe" Defendants who are unknown employees at the Woodland Hills Center. Plaintiff asserts claims under the Eighth and Fourteenth Amendments for Defendants' failures to protect him from unsafe environment that subjected him to the infliction of cruel and unusual punishment and for Defendants' deliberate indifference to Plaintiff's serious medical needs. Plaintiff also asserts that Defendant Dawson failed to train properly employees at the Woodland Hills Center in protecting detainees from being attacked. Plaintiff's claims arise out of an attack on him on or about May 20, 2006, while he was in DCS custody at the Woodland Hills Center.

Before the Court is a motion to dismiss (Docket Entry No. 27), contending that Plaintiffs' claims are barred by the statute of

limitations, Defendants may not be sued in their official capacities, and that Defendants are entitled to qualified immunity.

In response (Docket Entry No. 32), Plaintiff asserts that the Complaint was filed within the statute of limitations period, Plaintiff has pled sufficient facts to establish constitutional violations and Defendants are not entitled to qualified immunity.

## I. PROCEDURAL HISTORY

Plaintiff filed his initial complaint involving the incident in question on May 18, 2007. Ferguson v. Governor Phil Bredesen, et al., No. 3:07-0545, (Docket Entry No. 1). Plaintiff filed a notice of voluntary dismissal, and on May 2, 2008, the Court entered an order dismissing the action without prejudice. Id., Docket Entry No. 31.

On May 1, 2009, Plaintiff's mother, Jamille Ferguson, filed the current action pro se against Phil Bredesen, Governor; Viola Miller, Commissioner of the Department of Children's Services ("DCS"); Steve Hornsby, DCS Deputy Commissioner; Ted Martinez, DCS Executive Director of the Office of Juvenile Justice; Albert Dawson, DCS Woodland Hills Youth Development Center Superintendent; and "John Doe" Defendants who are unknown employees at the Woodland Hills Center. Ferguson v. Governor Phil Bredesen, et al., No. 3:09-0618, (Docket Entry No. 1). Jamille Ferguson listed Jamarius Ferguson as her disabled son on the style of the Complaint and signed the Complaint for Jamarius, indicating that she had power of

2

attorney to act on his behalf. Along with the Complaint, Jamille Ferguson also filed an application to proceed *in forma pauperis* and a motion to appoint counsel.

On June 8, 2009, the Court ordered Jamille Ferguson to provide where she and Jamarius physically resided, Jamarius's age, the nature and duration of Jamarius's disability, the source of Jamarius's financial support, and why Jamarius's disability prevented him from submitting an application to proceed *in forma pauperis* on his own behalf. (Docket Entry No. 5). The Court advised that Jamarius was free to submit an application to proceed *in forma pauperis* and sign the complaint and represent himself, if he was not a minor and his disability permitted.

On June 22, 2009, Jamille Ferguson filed a response, stating that Jamarius was currently incarcerated; was 21 years old; that he was "disabled due to bipolar and schizophrenia, ADHD and learning disability." (Docket Entry No. 8). Jamille Ferguson also stated that Jamarius's disability prevented him from submitting an application to proceed *in forma pauperis* because due to his disabilities he is not always able to read and write and comprehend. Jamille Ferguson further stated that she was advised by the Pro Se Staff Attorney at the Federal Court Building to sign the documents for Jamarius in the manner performed. Id. Jamille Ferguson also stated that she was not attempting to represent Jamarius but was proceeding as a plaintiff herself. The Court

3

granted Plaintiffs' application to proceed *in forma pauperis* on July 6, 2009. (Docket Entry No. 10).

On August 3, 2009, the Court conducted a frivolity hearing. At the hearing the Court dismissed without prejudice the Complaint as to Defendants Bredesen, Miller, Hornsby, and Martinez. (Docket Entry No. 15). The Court also granted the motion to appoint counsel. (Docket Entry No. 16). Thereafter, an Amended Complaint was filed on September 25, 2009. (Docket Entry No. 19).

## II. ANALYSIS OF THE AMENDED COMPLAINT

Plaintiff was in the custody of the State of Tennessee Department of Children Services at the Woodland Hills Center in May of 2006. (Docket Entry No. 19, Amended Complaint at ¶ 7). While at the Woodland Hills Center, a group of detainees had formed a gang and freely roamed the detention center trying to recruit new members and would attack any detainees that were unwilling to join their gang. Id. at ¶¶ 8-9. Plaintiff was approached by gang member detainees on several occasions and was encouraged to join a gang. Id. at ¶ 10. Plaintiff refused on each occasion and was harassed by these gang member detainees for his refusal. Id.

On or about May 20, 2006, while lying in his bed, Plaintiff was approached by gang member detainees and three of them began to beat him. Id. at ¶ 11. Plaintiff fell to the floor where he was beaten, kicked and stomped. Plaintiff blacked out several times and was unable to defend himself against the detainees. During the

4

beating, other detainees congregated outside of Plaintiff's door laughing, yelling and beating on the door. During this disruption, no Woodland Hills Center staff member, including Defendant Hamilton, responded to Plaintiff or to the other detainees congregated at the door. Id.

Hamilton was the guard on duty in Plaintiff's "pod" during the time of the beating, and despite the commotion, Hamilton did not come to the aid of Plaintiff. Id. at ¶ 12. Following the beating, Hamilton entered Plaintiff's room, turned off the lights and closed Plaintiff's door for the night without seeking any emergency medical treatment for Plaintiff. Id. at ¶ 13. Plaintiff awoke the next morning in severe pain. Id. at ¶ 14. After being examined by the Woodland Hills Center's nursing personnel, Plaintiff was transported to General Hospital where he received treatment for his injuries, close to twenty-four hours following the attack. Id. at ¶¶ 14-15.

Plaintiff alleges that at the time of the attack the detainees should have been on lock down and properly monitored. Id. at ¶ 11. Plaintiff alleges that Defendants knew or should have known of the ongoing harassment by the gang member detainees and steps should have been taken to protect Plaintiff. Id. at ¶ 10. Plaintiff alleges that his injuries are a result of Defendants' deliberate indifference to his personal safety and their failure to protect him. Id. at ¶ 15. According to Plaintiff, Defendants failed and

5

refused to design, impose and implement appropriate customs, policies and practices to protect detainees from attack by other detainees. Id. at ¶ 17. Plaintiff also alleges that Defendants acted with deliberate indifference to Plaintiff's serious medical needs by failing to seek and obtain appropriate medical treatment for Plaintiff's injuries following the beating he received by the other detainees. Id. at ¶ 32.

### III. CONCLUSIONS OF LAW

Upon a motion to dismiss, the Court must construe the factual allegations in a light most favorable to the Plaintiff. Boag v. Macdougall, 454 U.S. 364 (1982).

#### A. STATUTE OF LIMITATIONS

Defendants assert that Plaintiff's suit is barred by the statute of limitations. As to § 1983 claims, courts are to apply the statute of limitations applicable to personal injury cases arising within a particular state. Wilson v. Garcia, 471 U.S. 261, 275-76 (1985). Additionally, "federal courts are obligated to apply state tolling statutes in § 1983 actions." Perreault v. Hostetler, 884 F.2d 267, 270 (6th Cir. 1989). Under Tenn. Code Ann. § 28-1-105, the "savings statute," Plaintiff had one year to file his Complaint from the date of Plaintiff's voluntary dismissal on May 2, 2008. Defendants contend that Plaintiff's Complaint filed on May 1, 2009, was defective because Plaintiff's mother, a non-attorney, signed the Complaint on Plaintiff's behalf and that

6

the law is clear that a non-lawyer may not represent the rights of another, see 28 U.S.C. § 1654, Heldt v. Nicholson, No. 99-2120, 2000 WL 1176879 at *1 (6th Cir. Aug. 10, 2000), even if the non-lawyer is a parent on behalf of a minor child. Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002). Therefore, Defendants argue that Plaintiff's Complaint on May 1, 2009, was invalid and Plaintiff's Amended Complaint filed on September 25, 2009, was bell beyond the one year statute of limitations.

As a general rule, pro se complaints are liberally construed and are held "hold to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Jamille Ferguson identified herself as a plaintiff and stated that she was not acting as a lawyer for her son. Plaintiff also indicated that her son was disabled and had power of attorney to act on Jamarius's behalf. Jamille Ferguson explained that because of Jamarius's disabilities he is not always able to read and write and comprehend. Jamille Ferguson further explained that she was advised by the Pro Se Staff Attorney at the Federal Court Building to sign the documents for Jamarius in the manner performed. The initial Complaint was filed within the statutory time limit, albeit without Jamarius's signature. Liberally construing Plaintiff's Complaint, the Court concludes that Plaintiff's Complaint was timely filed on May 1, 2009. Dean v. Veterans Admin. Reg'l Office, 943 F.2d 667, 671 (6th Cir. 1991),

vacated and remanded on other grounds, 503 U.S. 902 (1992) (A complaint is deemed filed "when it along with an application to proceed in forma pauperis are presented to the clerk's office and the clerk's office takes possession of the complaint and the application is granted, notwithstanding the fact that the complaint is not formally stamped filed.").

## B. QUALIFIED IMMUNITY

"Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Estate of Carter v. City of Detroit, 408 F.3d 305, 310 (6th Cir. 2005) (citations omitted). "There are two steps in the analysis: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." Id. Courts have the discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, _ U.S. _, 129 S.Ct. 808, 818 (2009).

Defendants argue that Dawson is entitled to qualified immunity because the amended complaint does not state facts demonstrating that Dawson intentionally caused or encouraged Plaintiff's attack and that Dawson's actions or omissions are not in violation of

8

established constitutional law. Defendants further argue that Plaintiff has failed to allege that Defendants intentionally allowed or encouraged Plaintiff to be attacked or purposely chose to ignore his attack or medical condition or that they in anyway acted with deliberate indifference towards Plaintiff.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "Deliberate indifference" in medical treatment, prison conditions, and failure to protect claims means that the official actually knew of "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Id. at 847.

In asserting a § 1983 action against a supervisory official, a plaintiff must show that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized,

9

> approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted).

In his Amended Complaint, Plaintiff specifically alleges that a group of detainees had formed a gang that freely roamed the detention center trying to recruit members, attacking those who refused to join, and that Plaintiff was harrassed by gang members on several occasions to join. Plaintiff also alleges that "Defendants failed and refused to design, impose and implement appropriate customs, policies and practices geared toward the protection of its detainees from being attacked and beaten by other detainees." (Docket Entry No. 19 at ¶ 17). Plaintiff further alleges that Hamilton was present in the "pod" when Plaintiff was attacked, allowed the attack to occur and offered no medical assistance to Plaintiff following the attack. Thus, Plaintiff has alleged direct involvement by Defendants or that at a minimum Defendants "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." Shehee, 199 F.3d at 300. Accordingly, the Court concludes that Plaintiff has alleged sufficient facts establishing constitutional violations and that Defendants are not entitled to qualified immunity on any of Plaintiff's claims.

### C. OFFICIAL CAPACITY

Lastly, as to Defendants' claim that Defendants may not be sued in their official capacities, Plaintiff's Amended Complaint

does not appear to refer to Defendants being sued in their official capacities. (Docket Entry No. 19 at ¶¶ 25, 30, 34, 37). To the extent any of Plaintiff's claims are based on Defendants' official capacities, those claims are dismissed only as to Defendants in their official capacities. See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Plaintiff's claims for compensatory and punitive damages put Defendants on notice of Plaintiff's claims of individual liability. <u>Moore v. City of Harriman</u>, 272 F.3d 769, 773 (6th Cir. 2001).

IV.

Accordingly, for the reasons stated above, Defendants' motion to dismiss (Docket Entry No. 27) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of July, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge